UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEX YOUNG,<br>4600 Brentleigh Court<br>Annandale, VA 22003<br><br>      PLAINTIFF<br>  vs.<br><br>RICHARD SARLES,<br>*in his official capacity as General Manager*<br>*of the Washington Metropolitan Area*<br>*Transit Authority,*<br>600 5th Street, N.W.<br>Washington, DC 20001,<br><br>      DEFENDANT | ) <br>) <br>) Judge _____<br>) Civil Action No. _____<br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) |

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

### **PARTIES**

1. The Plaintiff, Alex Young ("Young"), is a 27-year old citizen of the United States of America and a resident of the Commonwealth of Virginia. He is a musician who engages in the activity of busking.

2. The Defendant, Richard Sarles, is the General Manager and Chief Executive Officer of the Washington Metropolitan Area Transit Authority ("WMATA"), a tri-jurisdictional agency created by an interstate compact among the Commonwealth of Virginia, the State of Maryland, and the District of Columbia to plan, develop, build, finance, and operate a regional

transportation system in the national capital area. With respect to his management and conduct of the affairs of WMATA, the Defendant acts under color of state law.

## JURISDICTION AND VENUE

3. This Court's jurisdiction over this action is founded on the existence of a federal question pursuant to 28 U.S.C. § 1331.

4. Venue in the United States District Court for the District of Columbia, is proper pursuant to 28 U.S.C. § 1391 because the Defendant resides within the District of Columbia, and the WMATA's executive offices are headquartered in the District of Columbia.

## FACTUAL ALLEGATIONS

5. Plaintiff Alex Young is a 27-year old musician who engages in the time-honored activity of "busking" (street performing).

6. Young's busking consists of playing his guitar in public places and accepting donations from passersby if offered.

7. For over a year, Young has endeavored to engage in busking near stations operated by WMATA, including the Ballston Metro station in Arlington, Virginia, the West Falls Church Metro Station in Fairfax County, Virginia, and the Vienna Metro station in Vienna, Virginia.

8. In October 2013, Young went to West Falls Church Metro station and stationed himself more than fifteen feet from the entrance of the station (i.e., more than fifteen feet from any escalator, stairwell, faregate, mezzanine gate, kiosk, or fare card machine).

9. Young played his guitar with his instrument case open in front of him.

10. At approximately 7:00 p.m., a Transit Police officer employed by WMATA approached Young and ordered Young to stop playing his guitar.

11. The Transit Police officer told Young that his activity constituted "commercial activity," which was prohibited at this location.

12. Young stopped playing his guitar based on the officer's assertion that Young's activity was prohibited under the law.

13. On November 17, 2013, Young went to the Ballston Metro station to engage in busking activity.

14. Young stationed himself on the brick sidewalk along N. Stuart Street, more than fifteen (15) feet from the entrance to the station.

15. At approximately 8:00 p.m., Officer S. Henderson (Badge No. 696) of the Transit Police and an employee, officer and agent of WMATA, approached Young.

16. Officer Henderson advised Young that he received a complaint, accused Young of engaging in panhandling, and threatened to arrest Young if he did not leave the WMATA station grounds and premises.

17. Young discontinued his activity after he was advised that it was unlawful and was threatened with arrest.

18. In response to Officer Henderson's assertions, Young called the Transit Police headquarters to inquire about the legality of his busking near WMATA stations.

19. Young spoke with Sergeant Whitfield of the Transit Police headquarters, who advised Young that free speech activities are allowed at least fifteen (15) feet from a Metro entrance or exit.

20. Sergeant Whitfield also advised Young that playing music for donations is not free speech but prohibited panhandling.

21. WMATA has adopted regulations that describe the types of activities that may be conducted on WMATA property by non-WMATA personnel or by the public.

22. In particular, § 100.10 of WMATA's "Regulations Concerning the Use of WMATA Property" (hereinafter "WMATA Regulations"), free speech activity that take place at a distance greater than fifteen (15) feet from any escalator, stairwell, faregate, mezzanine gate, kiosk, or fare card machine, is permitted.

23. Moreover, § 100.10 of WMATA's Regulations allows free speech activity in the "free area," i.e., above-ground, of Metro stations terminals, so long as no free speech activity interferes with the pedestrian traffic flow in the usual egress and ingress to the station proper or to the fare gate.

24. Additionally, § 100.10(d) of the WMATA Regulations prohibit individuals engaging in free speech activity from carrying out commercial activity anywhere on WMATA station grounds and premises.

25. In a letter dated December 13, 2013 and addressed to Ronald Pavlik, Chief of Police of the Metro Transit Police Department, legal counsel for Young asserted on his behalf that Young has a First Amendment right to engage in busking at the free, above-ground areas of WMATA Metro stations while more than 15 feet from any escalator, stairwell, faregate, mezzanine gate, kiosk, or fare card machine, and that the assertions by Transit Police officers that he was not permitted to do so and could be arrested violate Young's constitutional right to freedom of speech.   The letter requested assurances that Transit Police would respect Young's First

Amendment rights and that he would not be ordered to stop busking or threatened with arrest for doing so.

26. In response, Young's legal counsel received a letter dated January 3, 2014 from the chief legal counsel for the Metro Transit Police asserting that Young's activities on WMATA property constituted prohibited "commercial activity" forbidden by the WMATA Regulations. The January 13 letter also asserted that Young's activity constituted panhandling, citing a case involving a prosecution for panhandling near Metro stations in the District of Columbia.

27. There presently exists an actual and existing controversy between Young and WMATA whether Young's busking on WMATA property, and more than 15 feet from any escalator, stairwell, faregate, mezzanine gate, kiosk, or fare card machine, is protected by the First Amendment and not subject to prohibition under WMATA Regulations or other provisions of the law.

28. Young seeks to return immediately to the WMATA Metro stations where he has previously busked and resume his busking activity, more than 15 feet from any escalator, stairwell, faregate, mezzanine gate, kiosk, or fare card machine, and without blocking ingress or egress.

## CAUSE OF ACTION

29. Young incorporates by reference allegations contained in ¶¶ 1 through 28 set forth above.

30. The above ground metro WMATA free areas are public forums, either by tradition or designation promulgated by WMATA Regulations.

31. Young's busking activity is a form of expression that is protected by the First Amendment of the United States Constitution.

32. The locations where Young sets up his busking activities, at least 15 feet from an entrance without interfering with pedestrian egress and ingress into the station, constitute public forums where speech and expression are presumptively allowed under the First Amendment.

33. WMATA's Regulations specifically permit free speech activities in the free, above ground areas of the Metro stations, so long as the activities occur more than 15 feet from an entrance, are noncommercial in nature, and do not interfere with pedestrian traffic flow in the usual egress and ingress to the station proper or to the faregate.

34. In particular, the provisions set forth under § 100.10 of WMATA's Regulations Concerning Use of WMATA Property permit free speech activity in the free area above ground of Metro stations. All free speech activity is to take place at a distance greater than fifteen (15) feet from any escalator, stairwell, faregate, mezzanine gate, kiosk, or fare card machine. No free speech may interfere with the pedestrian traffic flow in the usual egress and ingress to the station proper or to the faregate. No individual carrying out free speech activities will carry out any commercial activity.

35. Young's busking activity is not commercial speech and therefore is not prohibited under § 100.10 of WMATA's Regulations Concerning Use of WMATA Property by its own terms.

36. In the alternative, regardless of whether Young's busking activity is commercial speech as that term is used in § 100.10 of WMATA's Regulations Concerning Use of WMATA Property, that regulation as applied to deter and prevent Young from engaging in busking on WMATA proper deprives him of his First Amendment right to speech and expression.

37. There is a present and existing controversy between Young and the Defendants concerning Young's right to engage in busking in free areas of WMATA stations where First Amendment activities are otherwise allowed.

38. The Defendant is charged and empowered by law to enforce § 100.10 of WMATA's Regulations Concerning Use of WMATA Property and with the control and supervision of WMATA agents, officers and employees, including Metro Transit Police, and is the appropriate defendants for this action seeking declaratory and injunctive relief.

WHEREFORE, the Plaintiff Alex Young requests that judgment be entered in his favor as follows:

a)   Declare that § 100.10 does not apply to Plaintiff's busing activities, or if it does, declare § 100.10 unconstitutional as applied;

b)   Enjoin Defendant and WMATA agents, employees and others subject to Defendant's direction or authority from preventing Young from busking on WMATA property more than 15 feet from any escalator, stairwell, faregate, mezzanine gate, kiosk, or fare card machine;

c)   Enter an award under 42 U.S.C. § 1988 for the costs incurred by the Plaintiff in bringing and prosecuting this action and for reasonable attorney's fees incurred in bringing and prosecuting this action.

/s/ Jeffrey L. Light

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202) 277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiff and
Participating Attorney for
The Rutherford Institute*